**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.B.**

**No. 23-400** (Kanawha County 22-JA-115)

## MEMORANDUM DECISION

Petitioner Mother T.B.[1] appeals the Circuit Court of Kanawha County's June 6, 2023, order terminating her parental rights to A.B., arguing that the court erred in failing to grant her a post-adjudicatory improvement period and terminating her parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March 2022, the DHS filed a petition alleging that the petitioner was incapable of properly caring for the child. According to the petition, the petitioner often left the child in unsafe situations with individuals who could not properly care for a child for "days or even weeks at a time." In fact, the petitioner was evicted from her home after the child, then three years old, was found in the residence unattended. The petition further alleged that the petitioner abused drugs. Once Child Protective Services intervened, the child disclosed that the petitioner's boyfriend intentionally burned her with a cigarette and that she witnessed domestic violence between the petitioner and the boyfriend. Based on this conduct, the DHS alleged that the petitioner abused and neglected the child.

Following a preliminary hearing in April 2022, the petitioner was ordered to participate in adult life skills and parenting services, random drug screens, and supervised visits contingent on three clean drug screens. However, according to a DHS report from later in April 2022, the petitioner had not submitted to any screens. On April 27, 2022, the court held an adjudicatory

---

[1] The petitioner appears by counsel Joseph A. Curia III. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew Waight. Counsel Jennifer R. Victor appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

hearing, at which the court heard testimony from DHS employees and the petitioner. Ultimately, the court found that the petitioner abused and neglected the child. Thereafter, the petitioner filed a motion for a post-adjudicatory improvement period.

In May 2022, the petitioner underwent a psychological evaluation that resulted in an "extremely guarded" prognosis based, in part, upon her lack of "insight to fully comprehend why her behavior is not acceptable."[3] According to a DHS report from July 2022, the petitioner still had not submitted to any drug screens. In regard to her other services, the report noted that the petitioner offered "excuses for why she cannot participate" and was only sporadically compliant. As a result, the petitioner's services were stopped, and she was considered noncompliant.

According to a report from October 2022, the petitioner's services were resumed; however, she submitted to only two drug screens, both of which were positive for marijuana and cocaine. The report also indicated that the petitioner sought to relinquish her parental rights to the child, but unrelated issues with the child's father resulted in the relinquishment not progressing. The DHS recommended termination of the petitioner's parental rights due to her noncompliance. According to a report from March 2023, the petitioner provided one drug screen, which was negative. She also "maintained some contact" with the DHS, although the DHS continued to recommend termination of her parental rights.

In May 2023, the court held a final dispositional hearing, during which the evidence established that the petitioner missed approximately twenty drug screens in the weeks leading up to the hearing. The petitioner requested that the dispositional hearing be continued so that she could obtain a medical cannabis certification, but the court denied the motion given that the petitioner failed to seek such certification in the fourteen months the matter had been pending. Based on the evidence, the court found that the petitioner had not followed through with the reasonable family case plan and other rehabilitative services, that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect, and that the child's best interests required termination of the petitioner's parental rights. Accordingly, the court terminated the petitioner's parental rights.[4] The petitioner appeals from the dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner first argues that the circuit court erred in failing to grant her motion for a post-adjudicatory improvement period. The petitioner asserts that she satisfied the burden of "demonstrat[ing], by clear and convincing evidence, that [she was] likely to fully participate in the improvement period." W. Va. Code § 49-4-610(2)(B). The petitioner cites to her attendance at hearings, submission to a psychological evaluation, and minimal participation in drug screening as sufficient evidence to satisfy this

---

[3] The petitioner failed to include the psychological evaluation report in the appendix record on appeal, but, instead, attached a copy to her notice of appeal.

[4] The father's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

burden. However, the record demonstrates that the petitioner was almost totally noncompliant with services, such as visitation and adult life skills and parenting education, which resulted in their cancellation during the proceedings. As such, it is clear that the petitioner did not satisfy the applicable burden, and we find no abuse of discretion in the court's refusal to grant the petitioner's motion. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period.").

Finally, the petitioner argues that it was error to terminate her parental rights. In support, however, the petitioner cites to no substantive evidence[5] and simply concludes that termination was inappropriate for "[t]he same reasons that counsel in favor of an award of an improvement period." However, situations in which there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected include when a parent has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child." W. Va. Code § 49-4-604(d)(3). Here, the circuit court made this finding upon substantial evidence of the petitioner's noncompliance, including her continued drug use during the proceedings. Further, the court found that termination of the petitioner's parental rights was in the child's best interests. Circuit courts are permitted to terminate parental rights upon these findings, and we conclude that termination here was not in error. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon finding "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children).

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 6, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: September 3, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

---

[5] In support of her arguments on appeal, the petitioner relies on statements and assertions that were not introduced during the proceedings below. For example, the petitioner asserts that she used cocaine as "a maladaptive coping response to the trauma of losing her mother," though she admits that she did not testify to this below and, instead, "asked counsel to relay her position regarding the cocaine use to this Court." Similarly, the petitioner asserts, without any corroboration, that she obtained a medical cannabis certification subsequent to the dispositional hearing, among other things. Because none of these assertions are supported by evidence from the appendix record, they cannot entitle the petitioner to any relief.

**DISSENTING:**

Justice C. Haley Bunn

BUNN, Justice, dissenting:

I dissent to the majority's resolution of this matter because I would have vacated the April 27, 2022 adjudicatory order and the June 6, 2023 dispositional order and remanded the matter to the circuit court for entry of a proper adjudicatory order with detailed findings of fact and conclusions of law sufficient to support adjudication, if appropriate. It is well established that a circuit court's jurisdiction to enter its dispositional order is contingent upon the proper adjudication of the child as abused and/or neglected and the parent, guardian, or custodian as abusive and/or neglectful. *In re Z.S.-1*, 249 W. Va. 14, ___, 893 S.E.2d 621, 627 (2023). *See also* Syl. pt. 3, *In re A.P.-1*, 241 W. Va. 688, 827 S.E.2d 830 (2019) ("'In a child abuse and neglect hearing, before a court can begin to make any of the dispositional alternatives under W. Va. Code [§ 49-4-604(c)], it must hold a hearing under W. Va. Code [§ 49-4-601(i)], and determine "whether such child is abused or neglected." Such a finding is a prerequisite to further continuation of the case.' Syllabus Point 1, *State v. T.C.*, 172 W. Va. 47, 303 S.E.2d 685 (1983)."). In other words, "[i]n child abuse and neglect cases, the adjudicatory process is a jurisdictional prerequisite. Without proper adjudications of each child identified in the petition as abused and/or neglected children and each of the parents named as respondents to the petition as abusing and/or neglectful parents, the circuit court cannot proceed to the dispositional phase of the proceedings." *In re Z.S.-1*, 249 W. Va. at __, 893 S.E.2d at 627-28. *See also* Syl. pt. 3, in part, *In re B.V.*, 248 W. Va. 29, 886 S.E.2d 364 (2023) ("To exercise subject matter jurisdiction, the court must make specific factual findings explaining how each child's health and welfare are being harmed or threatened by the allegedly abusive or neglectful conduct of the parties named in the petition. Due to the jurisdictional nature of this question, generalized findings applicable to all children named in the petition will not suffice; the circuit court must make specific findings with regard to *each* child so named.").

The record before us does not reflect a proper adjudication. West Virginia Code § 49-4-601 sets forth the following:

> (i) . . . . At the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and *shall make findings of fact* and conclusions of law as to whether the child is abused or neglected and whether the respondent is abusing, neglecting, or, if applicable, a battered parent, *all of which shall be incorporated into the order of the court*. The findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence.

(Emphasis added). *See also* W. Va. R. P. Child Abuse & Neglect Proc. 27 ("At the conclusion of the adjudicatory hearing, the court shall make findings of fact and conclusions of law, in writing or on the record, as to whether the child is abused and/or neglected in accordance with W. Va. Code § 49-4-601(i). The court shall enter an order of adjudication, including findings of fact and conclusions of law, within ten (10) days of the conclusion of the hearing, and the parties and all

4

other persons entitled to notice and the right to be heard shall be given notice of the entry of this order.").

Here, the adjudicatory order is a form document which contains the applicable abuse and neglect statutory language with blanks next to each "finding" so that the circuit court could place a checkmark next to each "finding" that it made. However, like many other abuse and neglect form orders which this Court has repeatedly found to be insufficient, the adjudicatory order contains no specific findings of fact. *See, e.g.*, *In re A.C.-1*, No. 22-640, 2023 WL 3478923, at *3 (W. Va. May 16, 2023) (memorandum decision) ("While it is true that the court also checked a box indicating that petitioner had not followed through with the applicable case plan, we nonetheless believe that the overall form of the order on appeal demonstrates the conclusory nature of these findings, which this Court has expressly found to be inadequate."). The record also fails to include the adjudicatory hearing transcript. Consequently, we are unable to discern if the appropriate findings of fact were made elsewhere on the record. *Cf. In re A.H.*, No. 22-0148, 2022 WL 3961757, at *3 (W. Va. Aug. 31, 2022) (memorandum decision) ("[T]he court did not enter an adjudicatory order[,] and no transcript of an adjudicatory hearing was supplemented to the record. Accordingly, the circuit court's adjudication of petitioner was erroneous, and it further lacked jurisdiction to terminate petitioner's parental rights[.]").

Because the record before us fails to demonstrate that the circuit court properly adjudicated A.B. as an abused and/or neglected child and the adjudication of the petitioner as an abusive and/or neglectful parent, the termination of the petitioner's parental rights to A.B. was also in error. *See* Syl. pt. 1, *State v. T.C.*, 172 W. Va. 47, 303 S.E.2d 685 (holding that before a court may impose any disposition under West Virginia Code § 49-4-604, it must "determine 'whether such child is abused or neglected'"). For this reason, I respectfully dissent from the majority's decision in this case.